JOHN HOLLAND, Appellant, *v.* KIBBE and LATHROP, Appellees.

#### APPEAL FROM MORGAN.

When a plea sets up an agreement consisting of several parts, which, taken together, constitute but one fact, one point of defense, the replication may deny collectively or in general terms, the averments of the plea, without being double.

THIS cause was heard by WOODSON, Judge, at October term, 1854, of the Morgan Circuit Court.

M. MCCONNEL, for Appellant.

BROWN and MCCLURE, for Appellees.

CATON, J. The decision was on a promissory note, to which the defendant pleaded that the note was given for the purchase of a certain lot of land, and that it was agreed between the parties at the time the note was given, that if the defendant should be able to sell the land before the note fell due, for more than the amount of the purchase money and the value of the improvements he should put upon the land, he would divide the

excess with the plaintiffs, and that if he could not sell the land before the maturity of the note, for the amount of the purchase money and the value of such improvements, and should notify the plaintiffs thereof at any time before the maturity of the note, the plaintiffs should take the land back and give up the note and refund the purchase money already advanced, and pay him the value of such improvements; and the plea then avers that the defendant had been unable to sell the land for the price above specified, within the time specified, of which he had notified the plaintiffs, and tendered to them a re-conveyance of the land, which they refused to accept, etc., wherefore, etc.

To this plea, by leave of the court, the plaintiffs filed three replications, the first of which denies that the note was given subject to the agreement specified in the plea; in other words, it denies the making of the agreement in the plea specified. The second replication is substantially the same as the first. The third replication denies the tender of a re-conveyance of the land as stated in the plea. To the two first replications the defendant filed a demurrer which the court overruled, of which decision the defendant now complains. A trial was had upon the issue joined upon the third replication, which was found for the plaintiffs, and their damages assessed, etc.

It was objected to the two first replications that they put in issue several distinct facts, and are hence double. We think the objection is not well taken. But one single fact is denied by either replication, and that is the making of such an agreement as is specified in the plea. They substantially admit that the note was given for the purchase of the land, and also the tender of the re-conveyance. Each of these are separate and independent facts stated in the plea, and a third and only other independent fact in the plea stated, is the agreement specified. Each of these three facts was independent of the other, but essential to the validity of the defense. All of the replications admit that the note was given for the purchase of the land. Beside this, the third admits the making of the agreement specified. And the first and second admit the tender of the re-conveyance, as well as the fact that the note was given for the land. It is true that the agreement set up in the plea consists of several parts, yet all taken together, constitute but one point in the defense, but one fact which it was entirely proper, according to the strictest rules of pleading, for the plaintiffs to deny collectively or in general terms, as a single and independent fact relied upon in defense of the action.

We are of opinion that the court decided properly in overruling the demurrer, and its judgment must be affirmed.

*Judgment affirmed.*